GEORGE DEFOREST BRUSH, Respondent, v. FLORENCE BROOKS ATEN, Appellant.

First Department, March 30, 1928.

Contracts — performance — action for extra services in painting portrait of defendant — error to reject evidence of oral agreement to make alterations without charge.

The plaintiff seeks to recover the reasonable value of his services as an artist in altering the portrait of the defendant which he had painted under contract. The defense is that the plaintiff agreed to paint the portrait to the defendant's satisfaction for a stipulated amount and that the defendant not being satisfied the parties agreed that the plaintiff would make alterations without charge.

It was error for the court to reject evidence on the part of the defendant as to her version of the oral contract on the matter of alterations.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 8th day of July, 1927.

Clarence Blair Mitchell of counsel [Choate, Larocque & Mitchell, attorneys], for the appellant.

R. Randolph Hicks of counsel [Thomas F. Compton with him on the brief; Satterlee & Canfield, attorneys], for the respondent.

PER CURIAM. The plaintiff has recovered a judgment on the verdict of a jury against the defendant in the sum of $4,500 plus

interest and costs in accordance with his claim for $7,000 as the reasonable value of services rendered as an artist in altering a portrait of the defendant.   The defendant contested the plaintiff's claim upon the ground that the plaintiff had undertaken to paint the defendant's portrait to her satisfaction for the sum of $10,000, which he had received; that the defendant was not satisfied with the portrait as originally painted by the plaintiff and the parties then agreed that the plaintiff should alter the portrait without additional charge, except upon the payment of certain incidental expenses.   The plaintiff on his part claimed that the contract to paint the portrait was a closed transaction and that he was entitled to the reasonable value of his services in making the alteration and the court at Trial Term so charged.   The defendant, however, was entitled to have submitted to the jury her version of the oral contract, namely, whether the agreement was as claimed by her and not as claimed by the plaintiff.

It follows that because this issue of fact was taken from the jury the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.